May it please the Court, Mr. Chairman. I'm Susan Wilhelm with the Office of the State Appellate Defender, and I represent the petitioner, Timothy Hayden. The trial court erred in denying Timothy Hayden's motion to leave the file his fifth post-conviction petition because he established that his right to counsel was violated when his trial counsel did not convey the plea offer to Hayden. In order to receive leave to file a successive petition, a petitioner must demonstrate both cause for failing to raise the error in a prior proceeding and the actual prejudice resulting from the error. And here, cause was shown when Hayden did not know of this plea offer until recently. Hayden attached a letter dated June 12, 2012, from his counsel on his fourth post-conviction petition, Claude Keene, and that letter stated that Keene had previously confirmed with the state's attorney, John Barasevic, that they had offered Hayden a 40-year sentence in return for a guilty plea. Hayden pleaded that that plea offer was never communicated to him through his trial counsel, and he asserted that in his affidavit, so that's a well-pleaded fact. Constitutionally, ineffective assistance of counsel can be cause for filing a successive petition. Implicit in that Sixth Amendment right to counsel is the right to the effective assistance of counsel during the plea negotiations because you have the right to discuss the plea negotiation and its import with your counsel. And therefore, Hayden's counsel had the duty to convey the plea offer to his client, and he did not do so. Prejudice exists here when that constitutional violation so infected the trial that the resulting conviction was obtained without due process. Again, he has the Sixth Amendment right to counsel during plea negotiations. Since Hayden was never aware of the terms of the offer, he suffered prejudice because he was denied his right to discuss that plea with his trial counsel, and he was unable to ever make an informed decision of whether or not to take the plea offer or proceed to a trial. In People v. Smith, the Illinois Supreme Court recently clarified the test for filing a successive post-conviction petition. Leave to file a successive post-conviction petition should be denied only when it's clear from a review of the petition and the documentation submitted with that petition that the claims alleged by the petitioner either fail as a matter of law or where the petition and the sorting documentation is simply insufficient. And here, Timothy Hayden's claim doesn't fail as a matter of law. Defense counsel has the duty to communicate that plea offer from the prosecution to the defendant, and his counsel's failure to tell Hayden about the plea offer denied him the effective assistance of counsel. And his counsel at that time was? Gomrick, your honor. Trial counsel Gomrick. So you're talking strictly pre-trial situations? From what it seems from the letter and the affidavit, yes. This would have been pre-trial. A plea offer was given to Gomrick through John Baraszewicz and just never communicated on to my client, Hayden. Directly from Baraszewicz or one of the system's state attorneys? Your honor, that is a fact that will have to be brought out in a later proceeding. At this point, what we have is my client's affidavit and a letter from his post-conviction counsel, Clyde Keene, stating that there was this conversation about the plea offer communicated to him. At this point, my client is an incarcerated indigent petitioner, and typically the court is lenient about documentation offered by petitioners in this situation. They're not required to get affidavits from their own trial counsel to prove that their trial counsel has been ineffective. And here, it would be extremely difficult for my client to go in and try to get records from the state's attorney 23 years previously. This will all have to be brought out in a later proceeding as we bring forth more facts to support his claim. Hayden, under the Smith test, Hayden's petition also does not fail for insufficient proof of documentation. As I'm saying, he attached an affidavit to his petition, and he attested in this affidavit that he only recently learned of this plea offer. In considering a motion to file this excessive petition, all well-pleaded facts in the supporting affidavits are accepted as true, and the veracity of Hayden's affidavit cannot be challenged at this stage. He has pleaded facts to show that this plea offer existed. It was counsel Keene's letter. He has shown that Keene spoke to the former state's attorney, who had confirmed that he offered Hayden a 40-year sentence in return for a guilty plea, and that that was offered through Gomrick. And through his affidavit, Hayden has asserted that his trial counsel never presented this offer to him, but if he had had the offer, he would have accepted it. Hayden has asserted that he was unaware of this offer until he noted it in his counsel Keene's letter on July 12, 2012. His petition for leave to file was filed October 16, 2012, a quick and reasonable period of time to bring this newly discovered evidence before the court. Taking as true the facts in the motion for leave to file a successive post-conviction petition, Hayden has set forth a sufficient claim that his right to the effective assistance of counsel was violated, and that he would have accepted that plea offer had it been communicated. And he asks that this court reverse the trial court and remand the cause to the trial court for the filing of a successive post-conviction petition and further proceedings at the second stage. And if you look again at Peeble v. Smith, not only did they clarify that test for what you have to prove for a successive petition, they also very clearly stated in paragraph 33, cause and prejudice is determined prior to the first stage. Smith was answering that question about whether cause and prejudice is the same as the gist standard. And what they found is that, no, it's a different standard. But it's a higher standard of proof than the gist standard. So when a court has found that our client has met that cause and prejudice test, it makes sense that he go on to the second stage for the proceedings, because a finding of cause and prejudice is a stronger finding, a finding of higher proof, than the simple frivolous and hat-league about merit. And so I would ask that this court reverse the trial court's finding, reinstate his petition, allow him to leave to file, and docket him at the second stage. Thank you. Thank you, counsel. Counsel? Your Honor, counsel, this matter is before the court upon the courts below denying leave to file a fifth successive petition. That petition is not yet considered filed. It is not filed yet. Therefore, it would be improper to remand it for second stage proceedings, because that would be in violation of the statute governing the manner in which a post-conviction petition proceeds. So for that reason ‑‑ So, okay, just making sure I understand here. In other words, if we said, yes, it does show cause and prejudice, that would just allow it to be filed? Yes. Because that's what you're saying. Precisely. And at that point, it would proceed as it is required to proceed with the first 90 days, and then setting in if it should happen. So the court could dismiss it still as frivolous and without merit? Yes, yes, yes. That would be tantamount to the error that occurred in this case when it first appeared before this court on a post-conviction petition. In that case, when the defendant filed his first post-conviction petition, which was prepared and filed by Clyde Keene in 1994, the court granted at the first stage, granted relief. And this court reversed and sent it back and said, no, you must proceed and the state must be permitted to have an opportunity to file a motion to dismiss or to answer. So this court should not grant the relief or remand for a second stage proceeding. This petition is not filed yet. So in other words, the question here is not whether there's an issue worth raising. The question is, has the defendant shown cause and prejudice for not raising it sooner? In other words, he might show cause and prejudice but still not have an issue worth raising. Correct. It still might not be. But in the present case, yes, he still has to show cause and prejudice and he has to show it by submitting enough in documentation. What the Illinois Supreme Court meant by enough in documentation is not exactly clear because, you know, like at the filing of a petition itself, it must be supported by affidavit. And this is supported by one affidavit, which doesn't show much, and it's supported by a letter. And whether that's enough in way of documentation, this court needs to make a decision whether a successive petition must meet the same requirement as an initial petition to show cause and prejudice. If that's a matter that's not settled. If you show prejudice, have you shown that it's not frivolous or without merit? I mean, can you show, can you satisfy the prejudice prong and it be an issue without any merit? Yes. Okay. Just wondering. Yes, but this court would be. Just trying to think this through here. Right, sure, certainly. About the first stage and second stage thing. Yeah, frivolous and without merit is another standard. Cause and prejudice is you have to show an objective reason that you did not bring or could not have brought the claim in an original or in an earlier petition. That's cause. That's cause. And prejudice in that the error that you're raising, and this is by statute, this is in the Post-Conviction Hearing Act, by showing that the claim not raised during the initial post-conviction proceeding so affected the trial that the resulting conviction or sentence violated due process. If you show that, can it be frivolous and without merit? If this court should want to find. I'm just asking that. Seems to me like if you show that, then. If this court should. This court would be usurping the role of the circuit court. If this court should find that not only had he shown cause and prejudice, but had satisfied the frivolous and without merits that it wasn't, then this court would be usurping the role of the circuit court. And this court should not do that. It should follow the. Aren't those the same? What? Aren't those essentially the same questions? No. Because a case, something could be not frivolous and not without merit, yet could have been brought at a prior proceeding. And that's why the standards are different. And that's why. Now you're back to cause, though. He's got to show cause and prejudice. And if he shows both, then he's shown prejudice, which is defined as demonstrating that the claim not raised during his or her initial post-conviction proceedings so infected the trial that the resulting conviction or sentence violated due process. That sounds like even a higher standard. The point is, at this point in time, this court has one thing to review. This court is not reviewing whether it's frivolous or without merit. This court is reviewing one thing, which is, in its de novo review, because no hearing was held on it, this court is reviewing de novo only the issue of whether the defendant showed cause and prejudice. And that's the review that this court should limit itself to. Otherwise, this court would be overstepping its authority and overstepping the scope of review. And this court should remand it, not at a second stage, but at a first stage. And you're arguing hypothetically, if we remand it at all. Yeah, hypothetically. Yes, yes, I do mean that. No, the problem is, this court's not looking at the merits of the petition. This court's looking only at cause and prejudice. He can't demonstrate that there was a plea offer. So he can't demonstrate cause of prejudice. And so look at his first thing is to look at the affidavit of the defendant. The defendant says that he didn't want to go to trial, and he repeatedly questioned trial counsel prior to trial about whether there had been a plea bargain or a plea offer, and that he was never told about any plea offer. You have to take that as true. So in looking at that, there's one of two inferences. There was no plea offer because it wasn't communicated, or it was not communicated. In either event, he has no personal knowledge about whether there was a plea offer, so it doesn't demonstrate. His affidavit does not demonstrate there was a plea offer. Don't you have a, offhand that sounds sort of circular. My position is that I wasn't, I was not made aware of a plea offer, which I would have taken, but in order to file this post-convention petition, whatever number it is, I have to demonstrate by affidavit that I knew that a plea offer, which I did not know about, was not communicated to me, and I can swear that from my own personal knowledge. Do you have a circular problem? No, no, no, there's no circular problem. What I'm saying is the defendant's affidavit in itself does not demonstrate the existence of a plea offer. It only demonstrates that either, one, it wasn't communicated to him, or even though he questioned, even though he questioned, I mean, because this is part of his affidavit, is that he questioned trial counsel repeatedly about whether there was a plea offer. Well, the natural inference from that is there was no plea offer. I'm just giving, I'm just construing the defendant's own words as true, and he said, I repeatedly questioned counsel about whether there was a plea offer, and I was never told about one. Now, that's two things. One, he has no personal knowledge of whether there was a plea offer or not, and two, he asked and asked and asked, and counsel never told him about one. The logical inference from that, the reasonable inference from that is there was no plea offer. Now, that's all. No, the logical inference from that is that he didn't know whether one existed at that time. Wouldn't that be a logical conclusion of your argument? No. My, my, the logical conclusion of my argument is that he does not demonstrate the existence of a plea offer, because John Barasiewicz, taking Clyde Keene's letter as true, has no memory of it. And Clyde Keene only has memory of having a conversation about something in the past. And in like 2007 and 2008, and there's no excuse for not bringing this up sooner. That's the other part. Doesn't that implicate the fact-finding and credibility determination of the circuit court, which the three of us used to do and don't do now, and shouldn't do now? No, this goes to taking defendant's own supporting documentation as true and construing it as to whether it demonstrates that there was a plea offer. There is, without the demonstration that there was a plea offer, he can't show cause of prejudice. And I'm overstepping my bounds here, so I ask you. No, no, no, that's, it's our fault that you are. Don't worry about that. Well, I don't want to take more time than I'm entitled to. But I think for this reason, this court should affirm the court's denial of plea. Thank you. Counsel? When counsel is saying that the supporting documentation doesn't show a plea offer or to take this as true, there are two inferences. Basically, she's trying to get behind the well-pleaded facts in Hayden's affidavit. And as you've stated, Your Honor, in order to get behind those facts, we're going to have to go on to a further stage. And I ask that when you remand this, again, the state has said that you can't remand this to the second stage because it's not filed. And they cite a former case of Timothy Hayden's and say that that case is applicable. However, that was a second-stage case. That was a case from my client, one relief at the second stage. And it went immediately up on appeal. And this court reversed and said, no, when a defendant gets relief, the state still has the right to answer at the second stage. And so they remanded it for second-stage proceedings because that state at that point had the right to answer. Right now, we're prior even to the first stage, although we're on appeal, so the state has the right to speak. In the trial court, the state has no right to file anything. And they wouldn't if this was remanded for first-stage proceedings either. The state does not get to file anything. It's simply a finding by the trial court alone as to whether or not the defendant has made that frivolous or patently without merit standard. And if this court finds cause and prejudice is met because the Illinois Supreme Court in Smith has said cause and prejudice is a higher standard of proof than that required for simply making frivolous or patently without merit, this court can find that this petition should be remanded, that it has satisfied cause and prejudice, and therefore has satisfied reaching the boundary of not being frivolous and patently without merit. And I would ask respectfully that this court do so. I would also like to add that the state made a comment that seemed to argue that a fifth petition requires more proof of cause and prejudice than a second or a third petition. And I'm not aware of any case law or anything that says that there is an ongoing higher standard of review. Cause and prejudice is simply cause and prejudice. And my client has managed to meet that in this case. Thank you very much. Thank you, counsel. We appreciate the briefs and arguments, counsel. We'll take the case under advisement. We are in recess until 1 o'clock for oral argument. Thank you. All rise.